UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARRY B. STEVENSON, III,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 5:26-CR-67-REW-MAS<br><br><br><br>ORDER |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 33 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Stevenson's guilty plea and adjudge him guilty of Counts 1 and 2 and the forfeiture allegation of the Indictment (DE 14). *See* DE 35 (Recommendation); *see also* DE 32 (Plea Agreement). Judge Stinnett expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 35 at 3-4. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 35, **ACCEPTS** Stevenson's guilty plea, and **ADJUDGES** him guilty of Counts 1 and 2 and the forfeiture allegation of the Indictment (DE 14);
2. Further, per Judge Stinnett's unopposed recommendation and Defendant's agreement (DE 32 ¶ 10), the Court provisionally **FINDS** that the property identified in the Indictment (DE 14 at 2) is forfeitable and that Stevenson has an interest in said property (two firearms and ammunition), and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. FED. R. CRIM. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* (b)(4)(B); and
3. The Court will issue a separate sentencing order.[1]

This the 13th day of September, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**

[1] At the hearing, Judge Stinnett remanded Stevenson to custody. *See* DE 33. This was his status following arraignment. *See* DE 7; 13. Absent intervening orders, Defendant shall remain in custody pending sentencing.